■ In the Matter of the Claim of ANNA NUTIK, Respondent, v. BIENSTOCK & POLLACK, INC., Doing Business as GLUCKSTERN'S RESTAURANT, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal from a decision of the board awarding death benefits. The decedent was employed as a waiter on October 17, 1961, when a customer collapsed and died. The decedent, being aware of the incident, was unable to work the remainder of the day and that evening at home suffered an acute coronary occlusion and posterior myocardial infarction. He died on October 16, 1962. The decedent told Dr. Cutler that immediately following the occurrence he felt "severe

squeezing pain over the anterior chest and upper portion of the abdomen. He sat down, and he became weak, sweaty and pale." The doctor, when testifying, stated: "Symptoms of great emotional distress appeared immediately, together with symptoms which were obviously those of acute coronary insufficiency * * * and without a break evolved into a myocardial infarction." On cross-examination, when referring to his report of August 27, 1962 he stated: "I said, this myocardial infarction was precipitated by injury to a coronary artery resulting from the severe fright and emotional trauma attendant upon having one of his customers fall dead at his feet." Fellow employees of the decedent testified at the hearing that immediately following the occurrence, he became "very disturbed"; "upset, pale"; "looked pale, depressed". The board, in affirming the Referee's decision, stated "that the emotional experience on October 17, 1961 causing weakness and inability to work, and precipitating acute coronary insufficiency and resultant myocardial infarction and death, constitutes an accidental injury arising out of and in the course of employment". The record in this case is sufficient to sustain an award of death benefits but we are unable to predicate such an award upon the board's finding. "Emotional experience" without something more definitive than "weakness and inability to work" does not meet the test of an emotional reaction sufficient to sustain the award (*Matter of Gordon* v. *Temple Beth El*, 18 A D 2d 855), nor does it conform with the medical testimony. Decision reversed, with costs to appellants against the Workmen's Compensation Board, and matter remitted for more definite findings as to the accident and causal relationship. Gibson, P. J., Taylor, Aulisi and Hamm, JJ., concur.